**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BILLY JOHN ROBERSON, 1385227,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1786-M |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## PROCEDURAL BACKGROUND

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice - Institutional Division.

Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to six years confinement. His conviction and sentence were confirmed on direct appeal. *Roberson v. State*, No. 05-05-00629-CR, 2006 WL 147397 (Tex. App. – Dallas, Jan. 20, 2006). Shortly after rehearing was denied, Petitioner filed a federal civil rights action seeking $55 million in damages and immediate release from custody. The court dismissed Petitioner's damages claim with prejudice, construed the remainder of his complaint as a petition for writ of habeas corpus, and dismissed those claims without prejudice for failure to exhaust state remedies. *Roberson v. State*

*of Texas*, No. 3:05-CV-1490-P (N.D. Tex. March 7, 2006). In its order, the court explained to Petitioner that he must first present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review ("PDR"), or petition for writ of habeas corpus before seeking federal habeas relief. *Id*. at 3.

Petitioner then filed a PDR. This petition was denied as untimely. *Roberson v. State*, No. 0454-06 (Tex. Crim. App. April 12, 2006). Petitioner then filed a federal petition for writ of habeas corpus. This petition was dismissed for failure to exhaust state remedies. *Roberson v. State of Texas*, No. 3:06-CV-739-R (N.D. Tex. May 9, 2006). On May 24, 2006, Petitioner filed a state petition for writ of habeas corpus. That petition remains pending in the trial court.

On August 29, 2006, Petitioner filed another federal petition for writ of habeas corpus. *Roberson v. Dallas County Jail*, No. 3:06-CV-1571-B. On October 11, 2006, the petition was dismissed without prejudice for failure to exhaust state remedies.

On September 21, 2006, Petitioner filed the instant petition seeking habeas corpus relief.

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner's PDR was dismissed as untimely and his state application for writ of habeas corpus is currently pending. He has therefore not presented his claims to the Texas Court of Criminal Appeals.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 16th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).